IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMELL C. NEWBERN,

          Petitioner,

vs.                                              Case No. 15-cv-1059-DRH

UNITED STATES OF AMERICA

          Respondent.

## ORDER

**HERNDON, District Judge**:

      On September 24, 2015, Petitioner Jamell C. Newbern filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In said petition, Newbern challenges his status as a career offender based upon *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). That same day, after reviewing the pleadings, and pursuant to Administrative Order 176, the Court referred the case to the Federal Public Defender and directed the government to file a response (Doc. 2). Thereafter, the Federal Public Defender moved to stay this case pending a decision by the United States Supreme Court in *Beckles v. United States*, 616 Fed.Appx 415 (11th Cir. 2015), cert. granted, --- U.S. ---, 136 S.Ct. 2510, ---L.E.2d --- (2016) (Doc. 9) The Court entered a stay on December 1, 2015 (Doc. 10).

      On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S.Ct. 866 (2017) (holding broadly that advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause, and thus, the

reasoning of *Johnson* does not extend to § 4B1.2's residual clause). In light of *Beckles*, the government filed a notice indicating that *Beckles* is dispositive of petitioner's request for relief (Doc. 16). Thereafter, the Court directed the petitioner to show cause why the Court should not deny his § 2255 petition and dismiss the case (Doc. 17). In response, to the Court's show cause order, the Federal Public Defender moved to withdraw as counsel stating that "[p]etitioner's claims rely on an argument that § 4B1.2(a)(2)'s residual clause no longer applies to his case based upon *Johnson*. The *Beckles* decision forecloses any colorable claim for relief based upon *Johnson*." (Doc. 20). The Court, again, entered a show cause order directing petitioner to show cause—no later than May 18, 2017— why the undersigned should not grant the Assistant FPD's motion to withdraw and deny Defendant's pro se § 2255 petition (Doc. 22). Newbern filed his responses to both show cause orders (Docs. 21& 23), in which he attempts to allege a second ground for relief.

Clearly, *Beckles* precludes Newbern's § 2255 petition and there is no basis to vacate or correct Newbern's sentence. Newbern attempts to argue that his due process claim prevents dismissal based on *United States v. Tucker*, 404 U.S. 443 (1972) (Doc. 22). However, the Court finds that he does not have a valid reason to avoid dismissal. In fact, upon review of Newbern's remaining argument, the Court finds that the argument fails, given that the issue was previously decided on appeal.

Newbern previously appealed his criminal conviction, and in denying his appeal, the Seventh Circuit stated:

> "Newbern's Illinois conviction for reckless discharge of a firearm involved conduct that presented a serious potential risk of physical injury to another within the meaning of § 4Bl.l(a)(2). The district court properly counted it as a prior crime of violence. The judgment of the district court is AFFIRMED."

(*United States v. Newbern*, 05-cr-30071-DRH, (Doc. 37)). Newbern also previously filed a 28 U.S.C. § 2255 in 2010, in which he raised a similar claim to challenge his career offender classification, which the Court denied as untimely. In that petition, Newbern alleged that his prior state reckless discharge of a firearm conviction was erroneously classified as a crime of violence, which resulted in his classification as a career offender (*Newbern v. United States*, 10-cv-64-DRH, (Doc. 1)). He, once again, attempts to allege the same claim in the pending petition, but this time his claim is based on *Tucker*, a Supreme Court case from 1972.

Unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided or waived on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). As mentioned above, Newbern has twice challenged the Court's reliance on his state reckless discharge of a firearm conviction in his classification as a career offender, and twice been denied relief. (*Newbern v. United States*, 10-cv-64-DRH, (Doc. 1). His argument once again fails as the issue was previously decided on appeal, and no changed circumstances in fact or law were demonstrated. Therefore, Newbern's § 2255 petition is denied.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "A certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Ccourt concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this Court correctly dismissed with petitioner's motion based on *Beckles*.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** Newbern's 28 U.S.C. § 2255 petition (Doc. 1) and **GRANTS** FPD's motion to withdraw (Doc. 20). Further, the Court **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of the United States of America and against Jamell C. Newbern.

**IT IS SO ORDERED.**

Signed this 30th day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.30 11:03:58 -05'00'

**United States District Judge**